LOTTINGER, Judge.
This is an appeal from a ruling of the State Civil Service Commission upholding the dismissal of appellant, Lonnie L. Davenport, from his position as a Cottage Parent II with the Department of Corrections in the Louisiana Training Institute in New Orleans.
By letter dated September 25, 1974, appellant was notified by his appointing authority that he was being separated from his employment at the close of business on October 3, 1974. As reasons for his separation, the letter recites that during the summer of 1973 he had abused the privilege of certain military leave which had been granted him, and for this abuse he had been reprimanded. The letter stated *408 that the leave had been granted for the period from July 7 through July 20, 1973; that appellant did not return to work until July 30, 1973 and, even after being reprimanded by delayed return, he did not follow through with the processing of proper leave forms to cover the unauthorized absences from July 20 to 30. The letter also recited that appellant took a subsequent period of military leave during that year without any prior authorization.
The letter went on to state that during 1974 appellant had been granted military leave for the period June 9 through 24; that he did not return to work on June 25 as scheduled but telephoned to report being unable to work due to illness; and that appellant returned to work on June 26, worked approximately seven and one-half hours and then left again on militar^ leave. This second period of military leave was not authorized by proper leave application, and it was scheduled to extend from July 1 through August 23. Appellant, however, did not return to duty on August 24, but he did come to the institution on August 28. The letter of discharge informed appellant that the institution could not tolerate such extended absences without appropriate prior approval since continuous staffing was essential.
Appellant addressed a letter to Harold E. Forbes of the Department of Civil Service which we quote as follows:
“Please be advised I desire to appeal my urrent ‘sic’ status with the State Department of Corrections. A copy of their letter is enclosed herewith as Exhibit ‘A’.
In accordance with the letter I attempted to get the matter resolved with Mr. B. G. Harris, Superintendent of LTI, New Orleans, I have contacted my Reserve Commanding Officer who did in fact attempt to meet Mr. Harris, regretfully only Reverabt ‘sic’ Wyard granted Captain Belnap an audience. Captain Bel-nap advised me that he talked to Rever-ant ‘sic’ Wyard the Deputy Superintendent and that a decision would be ■forthcoming shortly.
I know that the governor has signed a statement of support for the guard and Reserve. Mr. Harris slluded ‘sic’ to doubting my veracity in my serving on active duty, yet his office has in its possession a copy of my orders.
I hereby request an appeal to be reinstated in my employment as a ‘Cottage Parent II’. I am unable to give an exact reason of LTI’s action for as is evidenced.
By Exhibit ‘A’ no hearing has been held and no determination or definition ‘sic’ action has been made. I have, however, been denied my right to return to my job.
Unlike Mr. Harris’ allegation that I was disrespectful, I would like to appeal that as well. I merely requested that T be allowed to stand as I had set ‘sic’ enough that day,’ but if he ‘orders me to sit I will’ to which he replied that he ‘is’ only ordering you form ‘sic’ my office.
Due to the fact that in September 12, 1974 (As per Exhibit “A”) I was denied readmission as an employer ‘sic’, I hereby appeal the decission ‘sic’ of Mr. Harris on the ground of the prejuidiced ‘sic’ conduct of Mr. Harris, his failure to give me a hearing or a right to respond, and attributing ‘sic’ actions against me that were and are not my doing, (See telephone message page 2 of Exhibit “A”.)”
Following hearing on the appeal, the Civil Service Commission held as follows:
“The letter of discharge informed appellant that the institution could not tolerate such extended absences without appropriate prior approval since continuous staffing was essential.
Appellant addressed a letter to Harold E. Forbes in the Department of Civil *409 Service asking for his ‘current status’ with the Department of Corrections. The letter was not dated, but it was demonstrated that it was received in the Department of Civil Service on October 3, 1974.
The undated letter from appellant is not an appeal from the letter of discharge, because it fails to meet the requirements of Rule 13.11 (d), (e), (f) and (g). Moreover, it makes reference to a letter of September 5 addressed to appellant by B. G. Harris, Superintendent of the institution where he worked, informing appellant that appellant should make an appointment with the writer to discuss the problem arising from his unauthorized absences. Appellant has not denied the truth of the statements made in that letter, including the statements that appellant was absent from his post of duty for a substantial period of time without any authorization from his superiors.
Accordingly, since appellant’s undated letter is not a proper appeal, and since, even if it were it concedes, by failure to deny, the charges made in the letter of discharge, the appeal is dismissed.”
Rule 13.11 (d), (e), (f) and (g) states as follows:
“13.11 Request for Appeal.
A notice of appeal must * * *
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail; and
(e) Give the date on which the action appealed from occurred, or that the appellant learned thereof; and
(f) State the date that the appellant received written notice of the action complained against, if written notice was given; and
(g)State the relief the appellant seeks.”
We feel that the decision of the Civil Service Commission was correct, as the letter received from the appellant was not a “request for appeal” as is provided in Rule 13.11 of the Civil Service Rules.
For the reasons hereinabove assigned, the decision of the Civil Service Commission will be affirmed and all costs of this appeal are to be paid by appellant.

Affirmed.